EASTERN DIST.
*May*, 1839.

VIGERS & CO.
*vs.*
CARLON, F. M. C.

====

## VIGERS & CO. *vs.* CARLON, F. M. C.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where a notary makes diligent search, and uses all diligence to obtain information of the residence of the endorser in vain, he is then fully justified in putting the notice in the post-office, although the endorser may actually reside in the city at the time.

This is an action against the makers and endorser of a promissory note. There was judgment against the makers; but the endorser resisted, on the ground that he had never been notified of the protest of the note.

EASTERN DIST.
*May,* 1839.

VIGERS & CO.
*vs.*
CARLON, F. M. C.

Several witnesses were called for plaintiffs and defendant, whose testimony is noticed in the opinion of this court.

It was however shown, that the defendant resided in the city of New-Orleans at the time the note was protested, but that the notary, after inquiry and search made, being unable to find his residence, or see him in person, put the notice in the post-office. The parish judge decided that this was insufficient, and gave judgment for the defendant, from which the plaintiffs appealed.

*Lockett* and *Micou,* for the plaintiffs, insisted on the reversal of the judgment. The notary employed unusual diligence to find the residence of the defendant, and failed. He was justifiable in putting the notice in the post-office. This was all he could do, and was sufficient notice to the endorser. 1 *Moreau's Digest,* 96. *Preston* vs. *Daysson,* 7 *Louisiana Reports,* 7.

*Bodin,* contra.

*Eustis, J.,* delivered the opinion of the court.

This is an appeal from a judgment of the Parish Court, rendered in favor of Etienne Carlon, an endorser of a promissory note. The only question is, the sufficiency of the notice to him of the protest for non-payment.

The residence of the defendant was not in the directory. There is a name of Carlon F., 92 Barrack-street, grocery, in the directory. It appears that he, the defendant, had previously lived in Barrack-street, near Bourbon-street, but had removed to Ursuline-street, in the foubourg Tremè, between Marais and Robinson-street, according to the testimony of one witness. One of the defendant's witnesses, Barthelemy Populus, says, that the residence of the defendant was in Ursuline-street, as before described, when the note was protested; that his residence was known; that the defendant was a man of business, and his name was familiar to the clerks of the banks. Mr. de Armas, the runner of the Louisiana State Bank, states, that he knew the defendant; that he

EASTERN DIST.

*May*, 1839.

VIGERS & CO.
*vs.*
CARLON, F. M. C.

had resided in Barrack-street, between Bourbon and Royal streets, and that if, at the time of the protest of the note, any one had applied to him to learn, he would have directed him to apply at the place above stated.

Achille Chiapella, another witness for the defendant, says, that had any one applied to him at the time the note fell due, for the residence of the defendant, he would have directed him to Barrack-street. Witness is the clerk of the notary who paraphed the note. He also adds, that about the time abovementioned, in August or September, 1838, he went to Barrack-street to look for the defendant; applied at the house where he had resided, and was told by the persons in the house, that they could not tell exactly where he had removed. On applying in town, he was directed to go to Bayou-street *or* Villerè-street, and found him there; and after going there a second time, the defendant told him that he had removed there five or six months before.

We are left in doubt even now, as to the residence of the defendant. The first and last witnesses are directly at issue as to the place; they do not agree even as to the streets; and the second witness would have directed persons to a place where not only the defendant did not reside, but where the last witness, Chiapella, could get no information as to the defendant's place of residence, though he applied for information, about the same time that the note fell due. His place of residence may well have been unknown to the notary, and as we think it is proved by the testimony of his clerk, corroborated by his own, that he used all due diligence to obtain the necessary information in relation to it, we think the notary was fully justified in putting the notice in the post-office, under the act of March 13, 1827. 1 *Moreau's Digest*, 96. See *case of Preston vs. Daysson et al.*, 7 *Louisiana Reports*, 11.

Where a notary makes diligent search, and uses all diligence to obtain information of the residence of the endorser in vain, he is then fully justified in putting the notice in the post-office, although the endorser may actually reside in the city at the time.

The judgment of the parish court is, therefore, reversed, and judgment is entered in favor of the plaintiffs against the defendant, Etienne Carlon, for the sum of one thousand and fifty dollars, with interest from the 24th day of August, 1838, four dollars and fifty cents costs of protest, and costs of suit in both courts.